COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-513-CR
 
JAMES FRANKLIN SMITH, IV   
                                                        
APPELLANT
V.
THE STATE OF TEXAS   
                                                                    
STATE
------------
FROM THE 97
TH DISTRICT COURT OF ARCHER
COUNTY
------------
OPINION
------------
A jury found appellant, James Franklin
Smith, IV, guilty of aggravated assault of a public servant and sentenced him to
fifteen years' confinement. Counsel on appeal has filed an Anders brief
asserting that there are no grounds that could be argued successfully on appeal.
See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant
counsel's motion to withdraw and affirm the trial court's judgment.
I. Factual Background
On November 11, 2000 Pat Canaan and Brent
Isom, both game wardens with the Texas Parks and Wildlife Department, were on
duty when they noticed a suspicious vehicle. Because the area was known for
poachers, they continued to watch the vehicle for approximately ten minutes. The
vehicle then started moving toward them in a weaving pattern, which was typical
for someone road hunting.
They decided to pull the vehicle over, but
the driver increased his speed. During the pursuit, which lasted approximately
twenty minutes, speeds reached between fifty and seventy miles an hour. When the
car turned right, the game wardens noticed a strong smell coming from it. Game
Warden Isom was familiar with the smell and recognized it as methamphetamines.
As the pursuit continued, Game Warden Isom
become more concerned because they were on a highway with other traffic, and the
reckless driving was causing other motorists to swerve. When the chase neared
Archer City, Game Warden Isom contacted his supervisor to request permission to
disable the vehicle.
Game Warden Canaan then shot out the back
tire of the truck, which caused it to spin into a ditch. Game Warden Isom
testified that as appellant, who was the passenger, exited the car Isom could
see the end of a gun coming out. Game Warden Canaan also testified that when the
passenger came out, he saw the barrel of a gun pointing toward Game Warden Isom.
Game Warden Canaan yelled, "State Game Warden, get down," and the
passenger then moved slightly to point the gun towards him. Because he feared
for his and his partner's lives, Game Warden Canaan shot the passenger in the
leg and buttock as he turned to run. Upon investigation, they found a rifle
outside the truck; however, appellant testified that he did not know how it got
there.
Appellant was charged with aggravated
assault of a peace officer and convicted by a jury. Because of a prior offense,
the punishment range was fifteen to ninety-nine years with a ten thousand dollar
fine. The jury sentenced appellant to fifteen years' confinement.
II. The Anders
Brief
Appellant's attorney on appeal has filed a
motion to withdraw. In support of the motion to withdraw counsel has filed a
brief in which he states, in his professional opinion, this appeal has no merit.
Counsel has fulfilled the requirements of Anders by presenting a
professional evaluation of the record in explaining why there are no arguable
grounds for appeal. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400
(1967). This court provided appellant the opportunity to file a pro se brief.
Appellant responded with a letter stating that he was not competent to do so but
requested that this court "look into" his case.
Once counsel has complied with the Anders
requirements, we must conduct an independent examination of the record to
determine whether counsel is correct. Id.; see Mays v. State, 904
S.W.2d 920, 923 (Tex. App.--Fort Worth 1995, no pet.) Only then may we grant
counsel's motion to withdraw. See Penson v. Ohio, 488 U.S. 75, 83-84,
109 S. Ct. 346, 351 (1988).
III. Independent Review
A. Pretrial
The indictment tracks the statutory
language of the offense for which appellant was convicted. See Tex.
Penal Code Ann. § 22.01 (Vernon Supp. 2003). It alleges that the offense
occurred before the presentment of the indictment. The indictment conferred
jurisdiction on the trial court and provided appellant with sufficient notice to
prepare a defense. See Tex. Const. art. V, § 12; Duron v. State,
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). During voir dire, the trial court
did not prohibit appellant from asking proper questions from the panel, and
appellant did not object to any jurors. Finally, all of appellant's pretrial
motions were either granted or agreed to by the State. Thus, our review of the
record reveals no reversible error occurred during pretrial.
B. Guilt-Innocence Phase
After reviewing the record and applying
the appropriate standards of review,(1) we
conclude that the evidence is legally and factually sufficient to support the
conviction of aggravated assault of a peace officer.(2)
All of appellant's objections were
sustained. Furthermore, the court's charge on guilt-innocence properly defined
the law and included a reasonable doubt definition. See Tex. Code Crim.
Proc. Ann. art. 36.16 (Vernon 1981). Finally, appellant's counsel at trial
effectively cross-examined the State's witnesses and attempted to establish
reasonable doubt regarding appellant's use of the .22 rifle. We hold that
counsel's performance at guilt-innocence was constitutionally sufficient. See
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).
C. Punishment
At punishment, neither the State nor the
defense made any objections to the jury charge or to any arguments made.
Counsel's performance satisfied the standard announced in Hernandez v. State.
988 S.W.2d 770, 770 (Tex. Crim. App. 1999). The court's charge on punishment
properly instructed the jury on the applicable range of punishment and on
applicable parole laws. See Tex. Penal Code Ann. §§ 12.32, 22.01
(Vernon 1994 & Supp. 2003). The jury assessed punishment within the
permissible statutory range. Our review of the record reveals no reversible
error occurred in the punishment phase.
IV. Conclusion
Because our independent review of the
record reveals no reversible error, we agree with counsel's professional
determination that an appeal on this case is frivolous. (3)
Therefore, we grant counsel's motion to withdraw on appeal and affirm the trial
court's judgment.
PER CURIAM
 
PANEL F: LIVINGSTON, HOLMAN, and GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]

1. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994), cert. denied, 513 U.S. 1192 (1995); Narvaiz v.
State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 975 (1993) (both providing legal sufficiency standard of review); Santellan
v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (both providing factual sufficiency
standard of review).
2. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000); Clewis, 922 S.W.2d at 134.
3. We have also considered appellant's letter to the court
and find no reversible error.